UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN CHARLES PIERRE
CONSTANT, III,
Marion County Jail #A0229315,
Florida Department of Corrections #U59225,

    Plaintiff,

v.                                                     Case No. 5:20-cv-85-TKW-MJF

JEFFREY BROWN, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 12). The undersigned recommends that a portion of the complaint be dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1), and that Plaintiff's remaining claim be remanded to the undersigned for further proceedings.[1]

___

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

### I.  PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") temporarily confined at the Marion County Jail. Plaintiff was confined at the county jail at the time he initiated this lawsuit, and remains confined there. (*See* Doc. 1; Doc. 10; Doc. 12). Plaintiff's third amended complaint names as Defendants four prison officials at Holmes Correctional Institution: Colonel Jeffrey Brown, Captain J. Land, Sergeant Taylor and Officer Q. Baine. (Doc. 12 at 1-3).

Plaintiff alleges that on October 21, 2019, he was sitting on his bunk when Defendants entered his cell and informed him that they were going to search his bunk. (Doc. 12 at 8). Plaintiff responded, "I want to know why you want to search my bunk." (*Id*.). Defendant Land began searching Plaintiff's locker, and Defendants Taylor and Baine ordered Plaintiff to stand. Taylor gave Plaintiff a second order to stand and, when Plaintiff did not comply, Brown retrieved a pair of handcuffs and cuffed Plaintiff "fast and hard." (*Id*.). Brown and Land then grabbed Plaintiff by the arms, pulled him up off his bunk, and ordered him to walk. (*Id*.). When Plaintiff did not walk, they carried Plaintiff by the arms to confinement. (*Id*.). Along the way, Taylor switched places with Brown, and he and Land continued carrying Brown to confinement. Plaintiff alleges that when they reached the center gate, either Brown or Land "grab[bed] my collar (back part) and choke[d] me out and immediately lost consciousness, and came to on the ground." (*Id*.). Plaintiff received a disciplinary

report for disobeying an order. (*Id*. at 9; *see also* Doc. 1, Attach. (copy of disciplinary report)). Plaintiff claims that as a result of the incident, he has "anxiety/depression/insomnia" and chronic back and neck pain. (*Id*. at 9).

Based on the foregoing allegations, Plaintiff asserts an excessive force claim under the Eighth Amendment against each Defendant. (*Id*. at 10). As relief, Plaintiff seeks $250,000.00 in compensatory damages and injunctive relief in the form of Defendants' reprimand and termination from employment. (*Id*.).

## II.   SCREENING UNDER 28 U.S.C. § 1915A

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the court is required to review his third amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). The Rule 12(b)(6) standard governs dismissals for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc*., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cnty., Ala*., 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III.   PLAINTIFF'S THIRD AMENDED COMPLAINT FAILS TO STATE A PLAUSIBLE EIGHTH-AMENDMENT CLAIM BASED ON THE DEFENDANTS' CUFFING AND CARRYING PLAINTIFF

The Eighth Amendment's proscription of cruel and unusual punishment governs prison officials' use of force against convicted inmates. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). An Eighth-Amendment excessive force claim requires an inmate to establish both a subjective and an objective component: (1) whether the "officials act[ed] with a sufficiently culpable state of mind," and (2) "if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotations omitted).

Whether the subjective prong has been met depends upon whether the force "was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). Relevant to the inquiry is: (1) "the extent of injury;" (2) "the need for application of force;" (3) "the relationship between that need and the amount of force used;" (4) "any efforts made to temper the severity of a forceful response;" and (5) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Id*. at 321; *see also Hudson*, 503 U.S. at 7. From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary,

or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321.

In addition to the subjective component's "unnecessary and wanton infliction of pain" standard, there exists an "objective component" that determines whether the alleged wrongdoing was "objectively harmful enough to establish a constitutional violation." *Hudson*, 503 U.S. at 8. "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9-10 (quoting *Whitley*, 475 U.S. at 327). The extent of the prisoner's injury can be relevant in determining whether the force applied was *de minimis*. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) ("'[T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation.' The extent of injury may also provide some indication of the amount of force applied." (quoting *Hudson*, 503 U.S. at 7). A court ultimately should decide an excessive force claim "based on the nature of the force rather than the extent of the injury." *Wilkins*, 559 U.S. at 38 ("Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts.").

Plaintiff's allegations concerning the Defendants' cuffing and carrying him are insufficient to allow the inference of malicious and sadistic intent. There was a

need to use limited force because Plaintiff did not comply with the officers' orders to stand and walk. An inmate's failure to comply with an order is an offense punishable under the FDC's Rules of Prohibited Conduct. *See* Fla. Admin. Code r. 33-601.314, Section 6—Disobeying Orders, 6-1 (disobeying verbal or written order—any order given to an inmate or inmates by a staff member or other authorized person). Although Plaintiff alleges that the Defendants should have known that he "was messed up because of the rollator," (Doc. 12 at 8), he does not allege that there was a rollator in his cell or that he was authorized to use a rollator. In fact, Plaintiff stated in his initial complaint that a nurse confiscated his rollator on September 24, 2019. (Doc. 1 at 6-7).

Second, the need for force was proportional to the force the Defendants used. Cuffing and carrying an inmate is not disproportionate to the need to control an inmate who has failed to obey orders to stand and walk. The Defendants made an effort to temper the severity of a forceful response by giving Plaintiff more than one opportunity to comply before picking him up and carrying him. With regard to injury, although Plaintiff claims he suffers "chronic pain" as a result of being carried (Doc. 12 at 9), that allegation, in and of itself, is insufficient to show that Defendants' force was used for the purpose of causing harm.

Accordingly, Plaintiff's excessive force claim based Defendants' cuffing and carrying him on October 21, 2019, should be dismissed for failure to state a claim.

*See, e.g., Burke v. Bowns*, 653 F. App'x 683, 697-98 (11th Cir. 2016) (holding that "slamming" a federal inmate, who purportedly spit on officer during escort, face-first to ground while inmate was fully restrained, pinning inmate to ground using arm bar hold, and chastising inmate for having filed administrative complaint, did not amount to use of excessive force, in violation of inmate's Eighth-Amendment rights; attack was no more than *de minimis* use of physical force, and even if force used was not *de minimis*, it was not malicious and sadistic, but to the contrary, a good faith effort to restore discipline); *Smith v. Sec'y, Dep't. of Corr.*, 524 F. App'x 511, 513-14 (11th Cir. 2013) (holding that pressing a prisoner against a wall and twisting his arm was *de minimis* and not excessive force in violation of Eighth Amendment).

The only viable excessive force claim to which Plaintiff's allegations give rise is his claim against one Defendant (either Brown or Land) who allegedly choked him to unconsciousness during transport to confinement.

### IV.   PLAINTIFF CANNOT RECOVER THE INJUNCTIVE RELIEF HE SEEKS

One form of relief Plaintiff demands is that the Defendants be reprimanded and terminated from their employment with the FDC. It is beyond the authority of the court to consider this type of relief, because the court would thereby become too "enmeshed in the minutiae of prison operations." *LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993) (holding that it was an "inappropriate use of the court's equity

powers" to require a defendant prison official to discipline his guards and to detail the type of conditions under which the guards should be employed, as that relief unnecessarily intruded on prison operations) (citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1974)); *see also, e.g., Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007) ("The District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."). Accordingly, Plaintiff's claim for injunctive relief should be dismissed.

## V.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's Eighth-Amendment excessive force claims against Defendants Brown, Taylor, Baine and Land for handcuffing and carrying Plaintiff to confinement on October 21, 2019, be **DISMISSED** under 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

2. Plaintiff's claim for injunctive relief in the form of terminating Defendants' employment be **DISMISSED** because the District Court lacks the authority to grant such relief.

3. The District Court remand this case to the undersigned for further proceedings on Plaintiff's Eighth-Amendment excessive force claim based on

a Defendant (Brown or Land) allegedly choking Plaintiff to unconsciousness during transport to confinement on October 21, 2019.

At Pensacola, Florida, this 12th day of March, 2021.

>  /s/ *Michael J. Frank*
>  **Michael J. Frank**
>  **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**